Ballou *v.* Wells.

PEARLY BALLOU *vs.* ALFRED WELLS.

If the answer to a declaration upon a promissory note sets up in defence a want of consideration and the statute of limitations, a replication which simply traverses the latter ground of defence does not admit that the note was without consideration.

FOSTER, J. The question of pleading presented in this case is the following : The plaintiff declared upon a promissory note ; the defendant answered, first, want of consideration ; secondly, the statute of limitations. The plaintiff, without any order of court, filed a replication which admitted the note to have been made more than six years prior to the commencement of

the action, but alleged an acknowledgment of the debt and **a** partial payment within that time.  The defendant thereupon requested the court to rule that the replication admitted want of· consideration, by omitting to deny that averment of the answer.  But this prayer was rightly refused.  By Gen. Sts. *c.* 129, § 23, it is provided that " if the answer contains any new matter in avoidance of the action, such new matter shall be deemed to be denied by the plaintiff; or the court may, on motion of the defendant, require the plaintiff to reply thereto, and state whether he admits or denies any, and if any, what part thereof.  The plaintiff may if he pleases without such order, at any time before trial, file a replication to the answer, clearly and specifically stating any facts in reply to the new matter therein."  The only new matter in this answer was the statute of limitations; the facts in reply to which were a new promise and part payment. This defence is in confession and avoidance of the declaration, and by the old system might have been pleaded specially, and the new promise and part payment relied upon to remove the bar of the statute set forth in a replication.  Want of consideration would have been a defence under the plea of *non assumpsit,* requiring only a joinder of issue.  It was a denial of a part of the plaintiff's case as to which the burden of proof remained upon him.  *Delano* v. *Bartlett,* 6 Cush. 364.  *Burnham* v. *Allen,* 1 Gray, 496.  It was not new matter in avoidance of the action, nor· was there any fact to be stated in reply thereto.  If the plaintiff chose to file any replication, he was technically correct in confining it to the statement of his reply to the defence of the statute of limitations.                    *Exceptions overruled.*

  *C. C. Conant,* for the defendant, cited Gen. Sts. *c.* 129, §§ 23, 27 ; *Murphy* v. *People's Equitable Ins. Co.* 7 Allen, 239; *Stevens* v. *Parker,* Ib. 361.

  *A. De Wolf,* for the plaintiff.